IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


LUCKENSON DORCEANT,                  :
                                     :
          Petitioner                 :    CIVIL NO. 3:CV-17-150
                                     :
     v.                              :    (Judge Conaboy)
                                     :
WARDEN JACK FOX,                     :
                                     :
          Respondent                 :
_____

**MEMORANDUM**
**Background**

     This pro se petition for writ of habeas corpus pursuant to
28 U.S.C. § 2241 was filed by Luckenson Dorceant, an inmate
presently confined at the Allenwood Low Federal Correctional
Institution, White Deer, Pennsylvania.  Petitioner's action was
transferred to this Court from the United States District Court
for the Central District of California.  The Petition is
accompanied by an in forma pauperis application which will be
granted for the sole purpose of the filing of the petition with
this Court.

     Petitioner's pending action does not challenge the
legality of his conviction or sentence.  Rather, his Petition
seeks relief with respect to a disciplinary proceeding at his
prior place of confinement, the United States Penitentiary,
Lompoc, California (USP-Lompoc).

1

Dorceant indicates that while confined at USP-Lompoc he was issued a misconduct on June 6, 2015 by S. Wilson which charged him with stealing 5 pounds of mozzarella cheese, 5 pounds of cheddar cheese, 3 bell peppers, 5 carrots, 9 tomatoes, 24 onions, and 10 potatoes.  See Doc. 1, p. 14.  According to the Petition, the stolen items were concealed under a pillow on Petitioner's wheelchair.[1]  The value of the items was estimated as being approximately $ 50.00.  Following a disciplinary hearing on June 19, 2015 Petitioner was found guilty of the charge and sanctioned to a 45 day period of solitary confinement, and 60 day loss of telephone and commissary privileges.

Petitioner asserts that his due process rights were violated because although he was admittedly in possession of stolen property he did not steal anything.  Id.   Petitioner explains that due to his disability he was unable to work in the prison kitchen and therefore did not have the opportunity to steal the food items.  Dorceant additionally contends that the estimated value of the stolen items was inflated and that "the officer added items that was not encompassed in final inventory."  Id., ¶ 8.

---

[1]  Dorceant describes himself as being paralyzed.

2

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in

3

prison.  Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v.
Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920
(1993).  Federal habeas relief is available only "where the
deprivation of rights is such that it necessarily impacts the
fact or length of detention."  Leamer v. Fauver, 288 F.3d 532,
540 (3d Cir. 2002).  In Suggs v. Bureau of Prisons, 2008 WL
2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in
cases where "a judgment in Petitioner's favor would not affect
the fact or duration of Petitioner's incarceration, habeas
relief is unavailable."  Recognizing the observation in Woodall
that the precise meaning of execution of sentence is hazy, it
has been similarly held that to "the extent that a prisoner
challenges his conditions of confinement, such claims must be
raised by way of a civil rights action."  Hairston v.
Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

     As noted above, the allegations set forth in the Petition
do not include a challenge to the legality of Dorceant's present
incarceration.  Petitioner does not claim that he was sanctioned
to a loss of good time credits during the challenged
disciplinary proceedings or that the misconduct charge by prison
officials otherwise extended the length of his confinement.
Based upon a review of the Petition, there is no basis for a
determination that Dorceant is claiming entitlement to speedier
or immediate release from custody.

4

Thus, based upon Dorceant's present petition and attached exhibits it is not apparent that the purported constitutional misconduct adversely affected the fact or duration of his incarceration.  See Fiore v. Lindsay, 336 Fed. Appx. 168, 170 (3d Cir. 2009)(forms of prison discipline other then a loss of good time credit may not be pursued under § 2241);  Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.)(alleged improper placement in administrative confinement is not a basis for relief under § 2241).

Accordingly, "habeas corpus is not an appropriate or available federal remedy" with respect to said claims.  See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). An appropriate Order will enter.[2]

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 6, 2017

---

[2]    If Petitioner can show that he was sanctioned to a loss of good conduct time, or that the period of his incarceration was somehow actually extended as a result of the misconduct proceedings, he may file a request for reconsideration within fourteen (14) days of the date of this Memorandum.